J-S06038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT GRAHAM, | |
| Appellant | No. 2163 MDA 2014 |

Appeal from the PCRA Order December 1, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000877-2010

BEFORE:  PANELLA, J., MUNDY, J., AND STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　　　**FILED JANUARY 28, 2016**

Appellant Robert Graham files this *pro se* appeal from the order entered by the Court of Common Pleas of Lancaster County denying Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant raises numerous claims of ineffectiveness of counsel. As all of Appellant's claims are waived or meritless, we affirm.

In the early morning hours of June 22, 2009, a man in dark sunglasses and a hooded camouflage sweatshirt held up the Uni-Mart convenient store on West Fourth Street in Williamsport. Brandishing a firearm, the robber ordered the clerk to open the register, grabbed $117 in cash, threatened to shoot the clerk, and demanded she open the store safe. When the clerk

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

informed the robber that she was unable to open it, the perpetrator stole five cartons of cigarettes and fled the scene.

In their subsequent investigation of the robbery, officers were able to obtain latent fingerprints from the cash drawer and two other cartons of cigarettes. After the fingerprints were sent to a Pennsylvania State Police laboratory, Sergeant Floyd Bowen determined that one of the fingerprints on the cash drawer matched Appellant's left thumbprint. Approximately ten months after the robbery, the Uni-Mart clerk contacted police after she recognized Appellant in a newspaper photo as the individual who robbed her.

Appellant was charged with two counts of robbery,[2] theft by unlawful taking,[3] receiving stolen property,[4] terroristic threats,[5] and possessing an instrument of crime.[6] Appellant filed a pretrial motion, requesting a **Frye** hearing[7] to challenge the admissibility of the Commonwealth's expert testimony with respect to the latent fingerprints found in this case. The trial court denied this pretrial motion.

---

[2] 18 Pa.C.S. § 3701(A)(1)(ii) (threaten immediate serious bodily injury); 18 Pa.C.S. § 3701(A)(1)(iv) (threaten immediate bodily injury).
[3] 18 Pa.C.S. § 3921(a).
[4] 18 Pa.C.S. § 3925(a).
[5] 18 Pa.C.S. § 2706(a)(1).
[6] 18 Pa.C.S. § 907(a).
[7] The **Frye** test, the standard which governs the admissibility of scientifically-adduced expert evidence in Pennsylvania courts, was first announced in **Frye v. United States**, 293 F. 1013 (D.C. Cir. 1923), and was adopted by the Pennsylvania Supreme Court. **See Commonwealth v. Topa**, 471 Pa. 223, 369 A.2d 1277 (1977).

Appellant proceeded to a jury trial and was convicted of all the aforementioned offenses. The trial court imposed an aggregate sentence of eleven to twenty-two years imprisonment. Appellant filed a post-sentence motion, which the trial court denied. On October 30, 2013, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Graham*, 1714 MDA 2012 (Pa. Super. unpublished memorandum filed Oct. 30, 2013).

On January 8, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed a "no merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1998) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). The PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's petition to withdraw. In response, Appellant filed an amended petition raising additional issues. After further review, the PCRA court dismissed the petition without a hearing. This *pro se* appeal followed.

Appellant raises the following seven issues for our review on appeal:

1) Whether PCRA counsel was ineffective for failing to file [an] amended PCRA petition raising layered ineffectiveness of counsel reaching back to trial counsel's ineffectiveness for failing to raise prosecutorial misconduct due to the Commonwealth's failure to turn over all relevant and admissible evidence pertaining to the method used to conduct AFIS/IAFIS searches?

2) Whether PCRA counsel was ineffective for failing to raise all prior [counsels'] ineffectiveness reaching back to trial counsel's ineffectiveness for failing to request [an] interlocutory appeal of

- 3 -

[the] trial court's denial of [a] *Frye* hearing, where [a] hearing was determinative of methodology used to identify Appellant's partial thumbprint on [a] cash drawer by IAFIS search, without this evidence cause would not have existed to arrest Appellant?

3)  Whether PCRA counsel was ineffective for failing to raise direct appeal counsel's ineffectiveness for failing to properly develop prejudicial effect of the denial of *Frye* hearing on direct appeal, which prejudiced Appellant on direct appeal to a denial of effective assistance of counsel?

4)  Whether PCRA counsel was ineffective for failing to raise in [an] amended PCRA petition all prior counsel's ineffectiveness reaching back to trial counsel's failure to argue and/or properly argue [a] *Batson* claim, where the Commonwealth did not have [a] race neutral basis for striking [the] only African American (Black) juror?

5)  Whether the PCRA court erred as a matter of law and abused [its] discretion and obstructed [Appellant's] access to meaningful PCRA proceedings, where the PCRA court denied indigent [pro] se [Appellant] necessary transcripts of [the] September 6, 2011 telephone hearing transcripts of Appellant's expert witness?

6)  Whether the PCRA court erred as a matter of law and abused [its] discretion in denying [Appellant] leave to amend [his] PCRA petition or conduct a hearing regarding conflict of PCRA counsel appointed, where [Appellant] presented evidence of conflict of interest of PCRA counsel prior to dismissal of PCRA petition?

7) Whether the PCRA court erred as a matter of law and abused its discretion sentencing Appellant to both mandatory minimum and maximum sentences in violation of Appellant's Sixth Amendment right to trial by jury as announced in *Apprendi v. New Jersey*, clarified in *Alleyne v. U.S.*, where the sentencing enhancement statute's elements was not found by a jury, thus making Appellant'[s] sentence illegal, illegality of sentence cannot be waived?

Appellant's Brief, at i (renumbered and reordered for ease of review).

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S.A. § 9543(a)(2), which includes the ineffective assistance of counsel.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." **Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing **Strickland v. Washington**, 466 U.S. 688, 687-91 (1984)). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Commonwealth v. Sneed**, 616 Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting **Commonwealth v. Pierce**, 567 Pa. 186, 786 A.2d 203, 213 (2001)). The failure to satisfy any one of the prongs will cause the entire claim to fail. **Id**.

In his first claim, Appellant argues that all prior counsel were ineffective in failing to preserve a claim that the prosecution did not turn

over all relevant evidence pertaining to the methodology used by the Commonwealth's expert in its fingerprint analysis. This issue is waived as Petitioner failed to raise this particular challenge before the PCRA court in his amended petition in response to the notice to dismiss. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) (finding the appellant waived claims raised for the first time on collateral appeal when the appellant did not seek leave to amend his PCRA petition to add or preserve the claims).

In his second and third issues, Appellant claims PCRA counsel should have raised the ineffectiveness of prior counsel in failing to successfully challenge the trial court's decision to deny his pretrial motion for a ***Frye*** hearing in which Appellant sought to examine the accuracy of the prosecution's methodology in analyzing fingerprint evidence. Both of Appellant's claims fail as this Court determined on direct appeal that Appellant did not meet his burden of showing the trial court abused its discretion in denying his motion. Specifically, this Court found Appellant did not demonstrate the methods used by the prosecution expert were not generally accepted in the scientific community and or that he was prejudiced by the lack of a hearing when Appellant was allowed to present his own expert testimony to challenge the weight of the testimony offered by the prosecution expert. Accordingly, we conclude that Appellant's proposed ineffectiveness claims would not have been successful in light of our previous decision.

In his fourth claim, Appellant contends that trial counsel failed to present a proper **Batson** claim[8] alleging that the Commonwealth did not have a race neutral reason for striking the only African-American potential juror. This Court rejected Appellant's **Batson** claim on direct appeal as we reasoned that the trial court's determination that the prosecution offered a credible, race-neutral reason for exercising a peremptory challenge to strike the juror was supported by the record. We cannot find that counsel is ineffective in failing to raise a meritless argument. **Commonwealth v. Treiber**, ---Pa.---, 121 A.3d 435, 445 (Pa. 2015) ("counsel cannot be deemed ineffective for failing to raise a meritless claim").

In his fifth claim, Appellant contends that the lower court improperly denied his requests for transcripts of the testimony of his expert witness given via telephone. The PCRA court noted that it (1) denied Appellant's *pro se* requests which were made before his PCRA petition was filed and (2) forwarded to Appellant's appointed counsel requests Appellant made while he was represented by counsel. After Appellant appealed to this Court, he filed an application for relief seeking the same transcript. On January 30, 2015, this Court granted the application and ordered the trial court to

---

[8] **Batson v. Kentucky**, 476 U.S. 79, 85 (1986) (emphasizing that the prosecution denies a defendant equal protection of the law when it "puts him on trial before a jury from which members of his race have been purposefully excluded").

provide copies of the transcript he requested along with the record inventory.

After reviewing the particular transcript he requested, Appellant claims in his appellate brief that the PCRA court's denial of his transcript requests and its failure to transcribe other parts of his trial constitute due process violations which prevented him from effectively seeking a meaningful appeal. Appellant asserts that his trial transcripts are deficient because the closing arguments of trial counsel and the prosecutor were never transcribed.

With regard to the transcript that Appellant specifically requested, Appellant does not acknowledge the PCRA court's explanation that his transcript requests were not properly made. Even after receiving the desired transcript after filing a motion in this Court, Appellant does not explain how his delay in reviewing this particular transcript prejudiced him or prevented him from presenting a meaningful appeal. With respect to Appellant's claim that other transcripts are incomplete, we note that Appellant never requested any of these transcripts and emphasize that the burden to produce a complete record for appellate review rests solely with the appellant. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006). No further review of this claim is warranted.

In his sixth claim, Appellant contends the PCRA court should have conducted a hearing to assess a conflict of interest of his appointed counsel before dismissing his PCRA petition. However, Appellant never articulated any specific conflict, but merely disagreed with appointed counsel's assessment of Appellant's case in her *Turner*/*Finley* letter. As the PCRA court determined that all of Appellant's claims in his amended petition were meritless, it was proper for the PCRA court to allow counsel to withdraw and inform Appellant that he could proceed *pro se* or retain private counsel.

Lastly, Appellant claims the trial court illegally imposed mandatory minimum and maximum sentences in violation of *Alleyne v. United States*, ---U.S.---, 133 S.Ct. 2151 (U.S. 2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (1998). Appellant received a ten year mandatory minimum sentence as he had been previously convicted of a crime of violence. As a defendant's minimum sentence cannot exceed one-half the maximum sentence, the trial court imposed the statutory maximum of twenty years imprisonment for first degree robbery.

Although *Apprendi* and *Alleyne* provide that any fact which increases the penalty for a crime must be submitted to a jury and proven beyond a reasonable doubt, the United States Supreme Court has carved out an exception to this rule for prior convictions. *Alleyne*, 133 S.Ct. at 2160, n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *Apprendi,* 530 U.S. at 490. Accordingly, Appellant's challenge to the legality of his sentence has no merit.

For the foregoing reasons, we conclude that the PCRA court properly found that Appellant is not entitled to collateral relief under the PCRA.

Order **affirmed**.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2016